UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL           'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Tina Gibson | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Frederick Fascenelli, Jr.                 Lenore Kelly

**Proceedings:** MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Dkt. 28, filed on July 2, 2025)

## I. INTRODUCTION

On June 10, 2024, plaintiff Michael DiMatteo ("DiMatteo") filed his complaint in the Los Angeles Superior Court. The Complaint alleges four claims for relief against defendants the Honorable Hurdle Clay Jacke, II ("Jacke"), the Los Angeles County Sheriff's Department (the "Sheriff's Department"), Los Angeles County (the "County"), Sheriff's Deputy Adam Kennedy ("Deputy Kennedy"), and Does 1 through 10 (collectively "defendants") for (1) violation of his First Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) violation of his Fifth and Fourteenth Amendment due process rights pursuant to § 1983; (3) violation of his Sixth Amendment rights pursuant to § 1983; and (4) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Dkt. 1-1 ("Complaint"). On February 3, 2025, defendants removed the case to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331(a), pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1443. Dkt. 1.

On February 18, 2025, the Sheriff's Department, the County, and Deputy Kennedy (collectively "County defendants") filed a motion to dismiss. Dkt. 9. On March 24, 2025, the Court granted County defendants' motion to dismiss, with leave to amend. Dkt. 15 ("Order on MTD").

On April 13, 2025, DiMatteo filed his First Amended Complaint. Dkt. 17 ("FAC"). On April 28, 2025, Jacke filed a motion to dismiss. Dkt. 18. On May 5, 2025, County defendants filed their motion to dismiss. Dkt. 19. On June 2, 2025, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

granted Jacke's motion to dismiss without leave to amend and granted County defendants' motion to dismiss with leave to amend. Dkt. 26 ("Order on MTD FAC").

On June 20, 2025, DiMatteo filed his Second Amended Complaint, against County defendants. Dkt. 27 ("SAC"). Therein he alleges three claims for relief: (1) First Amendment retaliation pursuant to § 1983; (2) violation of Government Code § 815.6, based on Penal Code § 13650; and (3) municipal liability under § 1983. SAC ¶¶ 17-31.

On July 2, 2025, County defendants filed the instant motion to dismiss DiMatteo's SAC. Dkt. 28 ("Mot."). On July 18, 2025, DiMatteo filed his opposition. Dkt. 31 ("Opp.").

On August 4, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.    BACKGROUND**

DiMatteo claims the Sheriff's Department's facilities for housing pro se inmates, specifically Men's Central Jail and Twin Towers "suffer chronic deficiencies impeding inmate access to legal services." Id. ¶ 9. DiMatteo alleges that he used the Inmate Video Visitation System (IVVS) to communicate with clients, and that the Sheriff's Department denied him access to IVVS, citing an informal County Counsel opinion. Id. ¶ 10. DiMatteo states that he obtained a court order from Judge Debra Cole authorizing the use of the IVVS but alleges that Deputy Kennedy nonetheless refused to permit DiMatteo to use the system and threatened to remove DiMatteo from the Los Angeles County Superior Court's Private Investigator Panel (the "Panel"), on which he served. Id. ¶ 11. DiMatteo asserts that Deputy Kennedy stated that he "'didn't care what the court said.'" Id.

Further, DiMatteo states that he engaged in "constitutionally protected speech by filing formal complaints regarding [the Sheriff Department]'s refusal to comply with Penal Code § 13650 and by requesting public records through the [Public Records Act] ('PRA')." Id. ¶ 18. DiMatteo asserts that Penal Code § 13650 "mandates that law enforcement agencies 'shall make available to the public' all current use-of-force and misconduct policies." Id. ¶ 24 (emphasis omitted). According to DiMatteo, the Sheriff's Department was under a mandatory duty to comply with Penal Code § 13650, and DiMatteo, "as a justice system stakeholder, was within the class of persons the statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

was designed to benefit." Id. ¶ 24. DiMatteo claims that the Sheriff's Department breached this duty by refusing him access to their policies despite the judicial orders he provided. Id. ¶ 25. DiMatteo asserts that this breach has impeded his ability to represent indigent clients and led to retaliatory actions. Id. ¶ 26.

DiMatteo alleges that after he filed his PRA requests and internal complaints citing Penal Code § 13650 noncompliance, Deputy Kennedy "falsely accused [DiMatteo] of attempting to introduce narcotics into jail via documents abandoned outside the secure perimeter." Id. ¶ 12. DiMatteo alleges that even after he was exonerated by chemical analysis, the Sheriff's Department maintained his access ban. Id. ¶ 13. According to DiMatteo, Deputy Kennedy "admitted to informing a judge that [DiMatteo] would not be allowed back, despite [his] exoneration." Id. ¶ 14.

DiMatteo claims that he then filed Internal Affairs complaints on April 6, June 7, June 28, and December 11, 2023. Id. ¶ 14. DiMatteo alleges that on December 11, 2023, "Sergeant Southall admitted [the Sheriff's Department] was not compliant with § 13650 but refused to release the interview recording." Id.

Additionally, DiMatteo states that the Sheriff's Department "disseminated an email to all judges falsely claiming [he] was under investigation." Id. ¶ 15. DiMatteo claims that he was then removed from the Panel without notice or a hearing. Id. ¶ 16. DiMatteo alleges that despite his exoneration and judicial orders, the Sheriff's Department continued to deny him jail access and access to policy records. Id. According to DiMatteo, Deputy Kennedy and other Sheriff's Department officials, "in retaliation, falsely accused [DiMatteo] of misconduct, denied him jail access, removed him from the panel, and disseminated false information," motivated by his protected activity. Id. ¶¶ 19-20. DiMatteo alleges that these acts "would deter a person of ordinary firmness from continuing to speak out." Id. ¶ 20.

DiMatteo states that the County of Los Angeles and the Sheriff's Department "maintained de facto policies of retaliating against individuals who report misconduct or demand transparency." Id. ¶ 28. DiMatteo claims that "[t]hese policies included: (a) unjustified access bans; (b) refusal to comply with public records mandates; (c) dissemination of false investigative findings; and (d) noncompliance with judicial orders." Id. ¶ 29. DiMatteo alleges that the County "failed to train and supervise [Sheriff's Department] personnel on transparency obligations and First Amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

protections." Id. ¶ 30. DiMatteo alleges that the customs in place and the County's failures were the moving force behind the constitutional violations he suffered. Id. ¶ 31.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. &

Case 2:25-cv-00925-CAS-JDE   Document 32   Filed 08/04/25   Page 5 of 11   Page ID #:312

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.  DISCUSSION

### A.  First Amendment Retaliation

As to DiMatteo's first claim for relief, for First Amendment retaliation pursuant to § 1983, County defendants argue that the Court concluded that DiMatteo should be treated as a public employee for the purposes of First Amendment analysis, permitting him leave to amend "to allege the substance of his citizen complaints with more detail and to explain why the issues discussed therein are matters of public concern, rather than personal grievances." Id. According to County defendants, DiMatteo's SAC did not cure this issue because the facts he alleges relate to personal grievances rather than to matters of public concern. Id. County defendants further argue that no dates are provided for the alleged violations "and fact detail previously pled are now omitted, making the SAC allegations even more vague and deficiently pled." Id.

County defendants argue that DiMatteo's arguments about exoneration from a false charge of bringing narcotics into the jail is both vague and a matter of public concern. Id. at 7. County defendants contend that though DiMatteo alleges that the Sheriff's Department did not comply with Penal Code § 13650 and his request of records through the PRA, these are also not matters of public concern, but are his personal grievances and requests. Id. Additionally, County defendants argue, "[e]verything he alleges is a result of conduct he undertook to benefit himself and his job," and he "does not allege he complained on behalf of others like himself, and has not sued in this

Case 2:25-cv-00925-CAS-JDE   Document 32   Filed 08/04/25   Page 6 of 11   Page ID #:313

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

capacity." Id. County defendants contend that DiMatteo does not include any of the detail the Court requested with respect to this claim. Id. at 7-8.

County defendants argue that DiMatteo has not restated what led to his temporary suspension from the panel, but that the Court is already aware of the relevant allegations from his prior complaints. Id. at 8. However, County defendants argue, neither the Sheriff's Department nor Deputy Kennedy has to do with these events. Id. Deputy Kennedy, County defendants argue, is "not a supervisor, trainer, or policy maker," nor does DiMatteo allege him to be any of the above. Id. County defendants contend that Deputy Kennedy was also not the handler for the K9 at issue in the earlier complaints. Id. County defendants argue that the Sherrif's Department also has "no role in suspending or reinstating investigators such as [DiMatteo] to the panel," rather the Sheriff's Department notifies the judiciary of a pending jail security investigation, which does not amount to retaliation. Id.

County defendants argue that DiMatteo refers to Penal Code § 13650 as the basis for his allegation that the Sheriff's Department was noncompliant and that he complained about this noncompliance resulting in retaliation. County defendants contend that "[w]hatever the back story is to this assertion, [DiMatteo]'s SAC does not contain the facts to move forward with his case, and the facts which are presently stated still show complaints for matters personal to himself." Id. at 9. Accordingly, County defendants contend that the SAC remains deficient and the first claim for relief for First Amendment retaliation should dismissed without leave to amend. Id.

In opposition, DiMatteo contends that the SAC remedies the deficiencies the Court identified in his FAC. Opp. at 2. He argues that his First Amendment retaliation claim is well-pled because he engaged in protected speech through the filing of his complaints and raised concerns about the Sheriff's Department's noncompliance with Penal Code § 13650. Id. DiMatteo argues that these "were not internal employment grievances but public-facing complaints addressing transparency and indigent defendants' access to justice." Id. According to DiMatteo, his role as a contractor does not convert the alleged speech into "job-duty speech," and the argument put forth by County defendants that the speech was purely private is belied by the allegation that he advocated for systemic transparency. Id. at 3. DiMatteo argues that County defendants retaliated in response to his transparency efforts, in violation of the First Amendment. Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

 The Court concludes that DiMatteo has failed to cure the deficiencies that the Court identified in his FAC. In opposition, DiMatteo argues that he set forth the following in his SAC: repeated complaints he lodged about the Sheriff's Department's refusal to comply with Penal Code § 13650; filing of PRA requests; a false narcotics investigation made in retaliation for his complaints and disclosure requests; "dissemination of false emails to judges"; and removal from the Panel. Opp. at 2. He then contends that "[t]his speech is on a matter of public concern." Id. According to DiMatteo, he "was raising issues of public concern regarding transparency and defendants' due process rights" and was advocating for systemic transparency. Id. at 2, n.1, 3. The Court finds that DiMatteo has not sufficiently alleged that this was the case.

 The Court notes that in his FAC, DiMatteo included additional factual detail on how this dispute arose, which provides background for the Court's conclusion that DiMatteo's claims seem to arise personally, rather than as matters of public concern.[1] DiMatteo alleges that on March 22, 2023, a narcotics K9 alerted to his paperwork as he entered Men's Central Jail, causing Deputy Kennedy to initiate an internal investigation, and resulting in his exclusion from the jail pending investigation. FAC ¶¶ 10, 12. DiMatteo alleges that he was subsequently exonerated but still denied access to jail facilities. Id. ¶ 13. These events were seemingly the impetus for DiMatteo to request Sheriff's Department policies and gave rise to his subsequent complaints that he alleges constitute protected speech.

 In its order dismissing DiMatteo's FAC, the Court concluded that because DiMatteo had alleged in his FAC that he was functionally a public employee as a member of the Panel, to state a First Amendment claim, he is required to show that (1) his speech involved a matter of public concern and (2) the interest in permitting his expression outweighed the state's interest in promoting efficiency and avoiding workplace disruption. Hufford v. McEnaney, 249 F.3d 1142, 1148 (9th Cir. 2001). In his SAC, DiMatteo does not mention whether he asserts that he is a public or private employee but argues as though the forgoing test applies. See Opp. at 2-3. Given that in the Court's previous order, the Court explained that DiMatteo was to be given leave to amend to "to allege the substance of his citizen complaints with more detail and to

---

[1] The Court references DiMatteo's FAC merely to provide background for the allegations in his SAC but relies on the allegations of the SAC alone to determine the sufficiency of his pleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

explain why the issues discussed therein are matters of public concern, rather than personal grievances," the Court finds that DiMatteo has failed to amend his complaint in compliance with this guidance. Order on MTD FAC at 18. Instead, DiMatteo sets forth similar vague allegations about transparency, failing to include additional detail regarding the substance of his complaints and how they connect to matters of public concern rather than personal grievances. Accordingly, DiMatteo's First Amendment retaliation claim is dismissed, with leave to amend.

### B. Claim for Violation of Government Code § 815.6 Based on Penal Code § 13650

County defendants argue that DiMatteo's second claim for relief, for violation of Government Code § 815.6, based on Penal Code § 13650, is a new claim based on state law and is not within the scope of leave to amend granted to DiMatteo in the Court's order on the motion to dismiss the FAC. Mot. at 10. County defendants contend that the SAC does not allege that DiMatteo complied with the Government Tort Claim Act (the "GCA") as required to bring this claim for relief under state law. Id. For these two reasons, County defendants argue, the Court should conclude that DiMatteo's second claim for relief is untimely and improper. Id.

In opposition, DiMatteo argues that his Government Code § 815.6 claim is properly pled and actionable because Penal Code § 13650 imposes a mandatory duty on law enforcement agencies to make public all use-of-force and misconduct policies, which he alleges the Sheriff's Department refused to do, breaching this requirement. Opp. at 3. DiMatteo argues that he falls within the class protected by the statute and is permitted by Government Code § 815.6 to bring suit for this kind of statutory violation. Id. According to DiMatteo, County defendants are incorrect to say that the claim exceeds the scope of leave to amend because "the Federal Rules allow liberal amendment," and the new claim "is closely related to the facts and legal issues previously pled and does not prejudice [County defendants]." Id. Further, DiMatteo contends that County defendants are wrong to say that he failed to comply with the GCA because "[t]he SAC may be amended to explicitly allege compliance or excusal under [Government Code] § 905 and related provisions." Id. at 4. DiMatteo argues that this issue is not properly resolved at this stage, without a factual record. Id.

The Court concludes that this claim is not properly brought at this juncture. The Court granted DiMatteo leave to amend certain existing claims, not to add new claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

DiMatteo could move to add new claims, but he has not done so.  Accordingly, the Court finds that DiMatteo's newly added claims were improperly added and should be dismissed.  Should he wish to add new claims to this action, DiMatteo may bring an appropriate motion requesting leave to do so.

However, the Court notes that even if DiMatteo were to bring such a motion, this claim would be unlikely to succeed.  The GCA requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945.4, and 950.2.  Timely claim presentation is not merely a procedural requirement but is an element of the plaintiff's claim for relief. Shirk v. Vista Unified School District, 42 Cal. 4th 201, 209 (2007).  A plaintiff may sue the public entity and its employees in court only after the entity has acted upon or is deemed to have rejected the claim.  Id.; see Mangold v. California Public Utilities Commission, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").  The California Supreme Court has held that the claims filing requirements of the GCA apply to both tort and contract claims.  City of Stockton v. Superior Court, 42 Cal. 4th 730, 738–41 (2007).

Here, DiMatteo did not present this claim in compliance with the GCA.  California courts have established that "non-compliance with the requirement is permissible where the primary relief sought is clearly injunctive relief and money damages, if any, are merely incidental." Honchariw v. Cnty. of Stanislaus, No. 1:21-cv-00801-SKO, 2022 WL 16748699, at *4 (E.D. Cal. Nov. 7, 2022) (citing Gatto v. Cty. of Sonoma, 98 Cal. App. 4th 744, 760 (2002); Eureka Teacher's Ass'n. v. Bd. of Educ., 202 Cal. App. 3d 469, 475 (1988)).  DiMatteo seeks both monetary damages and injunctive relief, and states in opposition only that he could amend to comply with or be excused from the GCA's requirements and that the issue is not properly decided at this stage, rather than that the GCA is inapplicable to his claim because his request for declaratory relief predominates. Opp. at 4; SAC at 5.  Accordingly, the Court finds that even if DiMatteo were to file a motion for leave to add a claim, the claim would be unlikely to survive a motion to dismiss, given DiMatteo's noncompliance with the GCA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

### C. Municipal Liability Monell Claim

As to DiMatteo's third claim for relief, for municipal liability pursuant to § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978), County defendants argue that DiMatteo must state a constitutional violation, and that this Court has previously concluded that he failed to do so. Mot. at 11. County defendants argue that though DiMatteo was granted leave to amend to seek to state a Monell violation, he has continued to fail to do so. Id. According to County defendants, DiMatteo has not stated a claim for First Amendment retaliation because he has not demonstrated how his speech is related to public concerns, nor has he stated a Fourteenth Amendment violation because he did not articulate a liberty or property interest, and removal from the Panel is not a constitutionally protected property interest. Id.

In opposition, DiMatteo argues that he has alleged that "retaliation occurred pursuant to a custom and practice of suppressing criticism"; that supervisors failed to train Sheriff's Department deputies on First Amendment rights and on statutory mandates regarding transparency; and that Deputy Kennedy's actions are a reflection of the Sheriff's Department's policy or practice. Id. at 4. DiMatteo argues that the Court previously dismissed this claim because DiMatteo had not pled an underlying constitutional violation, but that "[n]ow that the First Amendment claim is adequately pled, the Monell theory survives." Id.

The Court concludes that DiMatteo has failed to cure the deficiencies in his Monell claim that the Court identified in its order dismissing his FAC. As the Court explained in its prior order, pursuant to Monell, a government entity may be held liable under § 1983 if a "policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). A policy or custom may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the municipality; (2) the decision of a municipal official who has final policymaking authority; or (3) when an official with final decision-making authority either delegates that authority to, or ratifies the decision of, a subordinate. Avalos v. Baca, 596 F.3d 583, 588 (9th Cir. 2010). In order to establish liability under Monell, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | August 4, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al | | |

force behind the constitutional violation. Dougherty, 654 F.3d at 900. The failure of a municipality to train its officers may amount to a policy of deliberate indifference if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. Id. (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989)). Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference." Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).

The Court previously found that DiMatteo could potentially state a claim against the Sheriff's Department if he amended and sufficiently pled his First Amendment claim. Order on MTD FAC at 14. The Court concludes herein that he has not done so, and thus that DiMatteo's Monell claim against the Sheriff's Department fails. Further, the Court finds that DiMatteo's Monell claim against Deputy Kennedy also remains deficient because DiMatteo still does not allege that Deputy Kennedy was a policy-maker, a supervisor, or that he was involved in any kind of failure to train, as the Court previously explained would be necessary for an official capacity Monell claim to be stated against him. Id. The Court informed DiMatteo in its last order that he may state an individual capacity claim against Deputy Kennedy, but that such a claim would require stating an underlying constitutional violation, which he does not do in his SAC. Id. Accordingly, DiMatteo's Monell claim is dismissed, with leave to amend.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** County defendants' motion to dismiss the SAC.

DiMatteo is granted leave to amend his First Amendment retaliation claim and his Monell claim. DiMatteo shall file his amended complaint within 30 days of this order.

IT IS SO ORDERED.

|  | 00 | : | 30 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |