UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Angela Niese Nixon | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Frederick Fascenelli, Jr.                Lenore Kelly

**Proceedings:** DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES AND DEPUTY ADAM KENNEDY'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT (Dkt. 34, filed on September 24, 2025)

## I.   INTRODUCTION

On June 10, 2024, plaintiff Michael DiMatteo ("DiMatteo") filed his complaint in the Los Angeles Superior Court. The Complaint alleges four claims for relief against defendants the Honorable Hurdle Clay Jacke, II ("Jacke"), the Los Angeles County Sheriff's Department (the "Sheriff's Department"), Los Angeles County (the "County"), Sheriff's Deputy Adam Kennedy ("Deputy Kennedy"), and Does 1 through 10 for (1) violation of his First Amendment rights pursuant to 42 U.S.C. § 1983 ("§ 1983"); (2) violation of his Fifth and Fourteenth Amendment due process rights pursuant to § 1983; (3) violation of his Sixth Amendment rights pursuant to § 1983; and (4) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Dkt. 1-1 ("Complaint"). On February 3, 2025, defendants removed the case to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331(a), pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1443. Dkt. 1.

On February 18, 2025, the Sheriff's Department, the County, and Deputy Kennedy (collectively, "County defendants") filed a motion to dismiss. Dkt. 9. On March 24, 2025, the Court granted County defendants' motion to dismiss, with leave to amend. Dkt. 15 ("Order on MTD").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

On April 13, 2025, DiMatteo filed his First Amended Complaint. Dkt. 17 ("FAC"). On April 28, 2025, Jacke filed a motion to dismiss. Dkt. 18. On May 5, 2025, County defendants filed their motion to dismiss. Dkt. 19. On June 2, 2025, the Court granted Jacke's motion to dismiss without leave to amend and granted County defendants' motion to dismiss with leave to amend. Dkt. 26 ("Order on MTD FAC").

On June 20, 2025, DiMatteo filed his Second Amended Complaint against County defendants. Dkt. 27 ("SAC"). Therein he alleged three claims for relief: (1) First Amendment retaliation pursuant to § 1983; (2) violation of Government Code § 815.6, based on Penal Code § 13650; and (3) municipal liability under § 1983. SAC ¶¶ 17-31. On July 2, 2025, County defendants filed their motion to dismiss. Dkt. 28. On August 4, 2025, the Court granted County defendants' motion to dismiss, with leave to amend his First Amendment retaliation claim and his municipal liability claim. Dkt. 32 ("Order on MTD SAC").

On September 4, 2025, DiMatteo filed his Third Amended Complaint against County defendants. Dkt. 33 ("TAC"). Therein he alleges three claims for relief: (1) First Amendment retaliation pursuant to § 1983 against Deputy Kennedy; (2) violation of Government Code § 815.6, based on Penal Code § 13650, against the County and the Sheriff's Department; and (3) municipal liability under § 1983 against the County and the Sheriff's Department. TAC ¶¶ 17-31.

On September 24, 2025, County defendants filed the instant motion to dismiss DiMatteo's TAC. Dkt. 34 ("Mot."). On October 14, 2025, DiMatteo filed his opposition. Dkt. 36 ("Opp."). On October 20, 2025, County defendants filed their reply. Dkt. 37 ("Reply").

On November 3, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff alleges that he is a court-appointed criminal investigator who, as a concerned citizen and justice-system participant, repeatedly reported and sought correction of systemic issues at the Los Angeles County Sheriff's Department. TAC ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

Plaintiff alleges that beginning in or about March 2023, and repeatedly thereafter, Plaintiff complained to the Sheriff's Department and notified court personnel that the Sheriff's Department policies were impeding constitutionally required access to counsel, including for pro per detainees, and that the Sheriff's Department staff refused to honor a signed Los Angeles Superior Court order authorizing inmate video visitation system access for a pro per defendant. Id. ¶ 12. Plaintiff alleges that he identified and provided the Superior Court order to the Sheriff's Department personnel and requested immediate compliance and policy clarification. Id.

Plaintiff alleges that on or about April 6, 2023, and on additional dates thereafter, he submitted written Public Records Act requests and citizen complaints to the Sheriff's Department's Internal Affairs and Legal Unit, alleging the Sheriff's Department's noncompliance with Penal Code § 13650/SB 978. Id. ¶ 11.

Plaintiff further alleges that on or about Fall 2023, the Sheriff's Department circulated information, including an "all-judges" email, stating or implying Plaintiff was subject to a narcotics investigation based on a purported canine alert. Id. ¶ 13. Plaintiff alleges that although laboratory testing later disproved that plaintiff had carried narcotics, the Sheriff's Department refused to issue a corrective notice to the judges who received the email, perpetuating reputational harm and fueling continued access restrictions. Id. ¶¶ 13, 18.

Plaintiff further alleges that on December 11, 2023, during a recorded interview with Sgt. Southall, the Sheriff's Department personnel admitted to plaintiff that the Sheriff's Department was not in compliance with Penal Code § 13650 but refused to provide the recording to plaintiff thereafter. Id. ¶ 14. Plaintiff alleges that he continued pressing the Sheriff's Department to comply with the statute and to produce the recorded interview as part of his transparency complaints. Id.

Plaintiff alleges that he made each of the foregoing complaints in his capacity as a private citizen and not as part of any employer-assigned duty. Id. ¶ 15. Plaintiff claims that his speech addressed systemic, community-wide concerns, transparency in jail operations, access to counsel for detainees, the Sheriff's Department's compliance with court orders, and the integrity of information disseminated to judges. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

Plaintiff alleges that after he engaged in the above speech, County defendants restricted or banned his access to jail facilities and the inmate video visitation system platform, undermining his ability to serve court-appointed clients. Id. ¶ 16.

Plaintiff alleges that on or about November 21, 2023, during a meeting with Plaintiff, Deputy Kennedy stated that Plaintiff would not be allowed to return (or words to that effect). Id. ¶ 17. Plaintiff alleges that Deputy Kennedy's words reflected a retaliatory intent and set in motion further restrictions. Id. ¶¶ 2, 17.

Plaintiff further alleges that as a foreseeable and intended consequence of Defendants' actions, Plaintiff suffered loss of work and removal from the Los Angeles Superior Court's investigator panel and reputational injury among judges and court stakeholders. Id. ¶ 20.

Plaintiff alleges that the County and the Sheriff's Department maintained policies, customs, or practices of: (a) restricting or banning access to jail facilities and the inmate video visitation system for investigators who complain about the Sheriff's Department's noncompliance or who pursue transparency via the Public Records Act and § 13650; (b) disseminating and failing to correct false or misleading security accusations to the local judiciary; and (c) resisting publication and production of policies and recordings that § 13650/SB 978 mandates be made available to the public. Id. ¶ 21.

Plaintiff alleges that policymakers within the Sheriff's Department's Custody Division and Legal Unit were on notice of plaintiff's complaints and ratified or failed to correct the retaliation and noncompliance after being presented with the Los Angeles Superior Court judge's order, the exonerating lab results, and repeated Public Records Act and § 13650 communications. Id. ¶ 22.

Plaintiff alleges that the County and the Sheriff's Department also failed to train and supervise employees regarding (i) the First Amendment rights of members of the public and justice-system participants who speak on jail transparency and access-to-counsel issues; and (ii) mandatory statutory duties under § 13650/SB 978. Id. ¶ 23. Plaintiff alleges that the foregoing policies, customs, ratifications, and training failures were the moving force behind the violations of plaintiff's constitutional rights and the state-law injury alleged herein. Id. ¶ 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. First Amendment Retaliation

As to DiMatteo's first claim, First Amendment retaliation pursuant to § 1983, County defendants argue that plaintiff's factual allegations "still do not allege the substance of the citizen complaints with more detail and explain why the issues are matters of public concern." Mot. at 6. County defendants argue that plaintiff "merely rephrase[s] in the objective, the same submissions he pled before which he asserted on behalf of Plaintiff personally, and Plaintiff's own lack access to his clients." Id.

Furthermore, County defendants argue that the TAC improperly "seeks to characterize Plaintiff's actions in the name of 'speaking' for the public and the system" while simultaneously claiming that plaintiff was exercising speech as a private citizen. Id. at 6-7.

Finally, County defendants argue that even "[i]f Plaintiff is now labelling himself as a private citizen, his latest assertions in the TAC as pled, are insufficient to state retaliatory conduct for his exercise of free speech." Id. at 6. County defendants argue that "Plaintiff has not connected the allegation with his removal from the investigator panel" because "[t]he Sheriff's department has no role or oversight of what the judicial panel does as it pertains to the court appointed criminal investigators." Id. at 7.

In opposition, plaintiff contends that the TAC remedies the deficiencies the Court identified in his SAC by alleging "systemic transparency and access-to-counsel issues" with the Sheriff's Department. Opp. at 2. Plaintiff argues that the TAC properly alleges that he was a private citizen who engaged in citizen speech because he was "a court-appointed investigator, privately retained." Id. at 3 (citing Dahlia v. Rodriguez, 735 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

1060, 1074–76 (9th Cir. 2013)). Moreover, plaintiff argues that the complaints he alleges he made to County defendants about inmate discovery access and statutory transparency is public concern speech. Id. at 3-4 (citing Marable v. Nitchman, 511 F.3d 924, 931–32 (9th Cir. 2007); Roth v. Veteran's Admin., 856 F.2d 1401, 1406 (9th Cir. 1988); Givhan v. Western Line Consol. Sch. Dist., 439 U.S. 410, 415–16 (1979)). Additionally, plaintiff argues that he states a retaliation claim under the balancing test set forth in Pickering v. Board of Education of Township High School District 205, Will County, 391 U.S. 563 (1968), because "the public's interest in jail transparency, accurate information to judges, and inmate access to courts outweighs [the Sheriff's Department's] interest in not being embarrassed." Id. at 4 (citing Hernandez v. City of Phoenix, 43 F.4th 966, 985 (9th Cir. 2022)). Finally, plaintiff argues that the TAC adequately pleads causation by stating that "[Deputy] Kennedy directly retaliated in a November 21, 2023 meeting and set in motion restrictions that foreseeably led to reputational and professional harm." Id.

In reply, County defendants argue that plaintiff's TAC should be stricken because "Plaintiff has mixed and matched, relabeled and changed the narrative of his allegations, [such that] [County defendants] are no longer on notice of exactly what Plaintiff's theories of liability are." Reply at 2. They argue that "[g]iven Plaintiff's latest iteration of his pleading, the [Garcetti v. Ceballos, 547 U.S. 410 (2006)] limitation [to plaintiff's First Amendment rights] applies [because plaintiff's] [i]nvestigating matters for criminal defendants while on the judicial panel is precisely work related, and Plaintiff's communications complaining about his inability to do his job is official job duty speech." Id. at 3. County defendants argue that "Plaintiff's position, his role and motivation in submitting his [Public Records Act complaints] were all in the context of his job duties as a public employee. He is paid by County funds, not from the inmate's commissary account. That he claims his work is for an inmate who 'is his boss' does not make him a private citizen in the analysis of his burden to state a valid [First Amendment] Retaliation claim." Id.

The Court finds that DiMatteo has cured the deficiencies in his First Amendment retaliation claim that the Court identified in his SAC. In its last order granting County defendants' motion to dismiss plaintiff's SAC, dkt. 32, the Court noted that plaintiff had again "fail[ed] to include additional detail regarding the substance of his complaints and how they connect to matters of public concern rather than personal grievances." Dkt. 32 at 8. In making this finding and granting plaintiff leave to amend, the Court, reviewing plaintiff's SAC, concluded that plaintiff had brought a First Amendment retaliation claim

Case 2:25-cv-00925-CAS-JDE  Document 39  Filed 11/03/25  Page 8 of 13  Page ID #:366

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

as a *public employee*. See id at 7. However, the Court never precluded plaintiff from amending his complaint to state a First Amendment retaliation claim as a *private citizen*, see id. at 7-8, which, as explained below, he does here in his TAC.

As the Court has discussed previously, differing standards apply to public versus private employee speech. See dkt. 16 at 8-10. In his TAC, plaintiff adequately alleges that he was a private citizen exercising his First Amendment rights when he filed complaints with the Sheriff's Department. TAC ¶¶ 15, 26. A government employee acts as a private citizen if "the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform." Eng v. Cooley, 552 F.3d 1062, 1071 (9th Cir. 2009) (internal quotation marks and citations omitted). "Furthermore, statements do not lose First Amendment protection simply because they concern 'the subject matter of [the plaintiff's] employment.' On the other hand, a person is acting as a public employee when their actions and speech are made 'pursuant ... to official duties.'" Fitzgerald v. El Dorado Cnty., 94 F. Supp. 3d 1155, 1165 (E.D. Cal. 2015) (citations omitted).

Here, plaintiff alleges that he "engaged in protected speech as a private citizen." TAC ¶ 26. See also id. ¶ 15 ("Each of the foregoing complaints was made by Plaintiff as a private citizen … *not as part of any employer-assigned duty*.") (emphasis added). Although plaintiff also alleges that he is a "court-appointed criminal investigator serving indigent defendants in Los Angeles County Superior Court," id. ¶ 6, plaintiff alleges that he filed his complaints "not as part of any employer-assigned duty." Id. ¶ 15. County defendants argue that plaintiff's filing of his complaints to the Sheriff's Department "were all in the context of his job duties as a public employee," reply at 3, but this Court must take plaintiff's allegations as true at the motion-to-dismiss stage. Furthermore, although plaintiff alleges that his complaints implicated "matters of public concern"— language part of the legal standard for protected public employee speech, see Hufford v. McEnaney, 249 F.3d 1142, 1148 (9th Cir. 2001)—the Court finds that plaintiff's description of the content of his speech does not defeat his explicit allegation that his speech was made "as a private citizen."[1] Therefore, the Court finds that plaintiff's First Amendment retaliation claim should be analyzed on the basis that plaintiff spoke as a private citizen. The Court finds that plaintiff's TAC adequately puts County defendants

---

[1] In any event, plaintiff may state inconsistent claims for relief. See Fed. R. Civ. P. 8(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

on notice of plaintiff's First Amendment retaliation claim against them in his capacity as a private citizen.

To state a First Amendment retaliation claim as a private citizen, a plaintiff must show that he: "(1) engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., there was a nexus between the defendant's actions and an intent to chill speech. Further, to prevail on such a claim, a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result; the plaintiff is not required to demonstrate that its speech was actually suppressed or inhibited." Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016) (citations omitted).

Plaintiff satisfies this test with his TAC. First, DiMatteo has sufficiently alleged that he was engaged in constitutionally protected activity by filing citizen complaints with the Sheriff's Department, as it may implicate the Petition Clause of the First Amendment. See Doe v. Cnty. of San Mateo, No. C 07-05596 SI, 2009 WL 735149, at *5 (N.D. Cal. Mar. 19, 2009) ("Filing a police report may implicate speech that is protected under the Petition Clause of the First Amendment"); Mazzeo v. Gibbons, 649 F. Supp. 2d 1182, 1194 (D. Nev. 2009) (same); Meyer v. Bd. of Cnty. Comm'rs of Harper Cnty., Okla., 482 F.3d 1232, 1243 (10th Cir. 2007) ("[F]iling a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances."). Second, the Court concludes that Deputy Kennedy's alleged retaliation—"restrict[ing] … Plaintiff's access to facilities and [the inmate video visitation system], communicat[ing] to judicial actors to bar Plaintiff's return, and refus[ing] to correct or facilitat[ing] the failure to correct false information [about Plaintiff]"—"would 'chill a person of ordinary firmness' from continuing to engage in the protected activity." TAC ¶ 27. Third, the Court finds that DiMatteo sufficiently alleges a nexus between the actions of defendants and intent to chill speech, as he claims that "[Deputy] Kennedy's actions were substantially motivated by Plaintiff's protected speech, as evidenced by temporal proximity, [Deputy] Kennedy's statements on or about November 21, 2023 [in which Deputy Kennedy allegedly told plaintiff that he would not be allowed to return to access jail facilities], and the escalation of restrictions following Plaintiff's complaints and [Public Records Act] demands." Id. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

28.[2] Thus, the Court concludes that DiMatteo has sufficiently alleged a First Amendment retaliation claim as a private citizen against Deputy Kennedy.

Accordingly, County defendants' motion to dismiss plaintiff's First Amendment retaliation claim against Deputy Kennedy is **DENIED**.

**B.     Claim for Violation of Government Code § 815.6 Based on Penal Code § 13650**

County defendants argue that plaintiff may not assert a claim for violation of Government Code §815.6 based on Penal Code §13650 because the Court, in its August 4, 2025 order, concluded that it was a new claim not within the scope of the Court's previous order granting plaintiff leave to amend to file his SAC. Mot. at 2 (citing Order on MTD SAC at 8-9).

In opposition, plaintiff argues that its Government Code §815.6 claim is viable because "[t]he Court invited amendment to cure deficiencies." Opp. at 5. Furthermore, plaintiff argues that "[he], as a court-appointed investigator for indigent defendants, is within the class the statute was designed to protect. The harm, denial of discovery access,

---

[2] At oral argument, defendants argued that plaintiff fails to plead a nexus between Deputy Kennedy's actions and Deputy Kennedy's alleged intent to chill plaintiff's speech. Defendants requested that the Court take judicial notice of Exhibits G and H in docket 18-2 pursuant to Federal Rule of Evidence 201(c)(2). Exhibit G appears to be a letter from the Honorable Hurdle Clay Jacke, II informing plaintiff that the Superior Court's Private Investigator Committee ("the Committee") was undertaking an investigation to determine whether plaintiff's actions as a Superior Court-appointed investigator in a pro per defendant's case were consistent with the obligations imposed upon him by the Private Investigator Panel Policies and Procedures and the professionalism expected of members of the Superior Court Private Investigators Panel ("the Panel"). Dkt. 18-2, Ex. G. Exhibit H appears to be a letter from the Superior Court's Counsel informing plaintiff of the Committee's decision to suspend and remove plaintiff from the Panel "for conduct that fell below the standards of professionalism required of members of the Panel." Id., Ex. H. The Court finds it inappropriate to take judicial notice of Exhibits G and H for the truth of the matters asserted therein. The reasons for plaintiff's alleged removal from the Panel are disputed issues of fact that cannot be the subject of judicial notice. See Fed. R. Evid. 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

reputational injury[], is exactly the type the Legislature sought to prevent by requiring transparency." Id. (citing Haggis v. City of Los Angeles, 22 Cal. 4th 490, 498 (2000)).

In reply, County defendants argue that plaintiff's Government Code §815.6 claim should be stricken because the Court had granted plaintiff leave to amend existing claims and not add new claims. Reply at 5 (citing dkt. 32).

The Court concludes that this claim is not properly brought at this juncture. As the Court stated in its August 4, 2025 order, Order on MTD SAC at 8-9, the Court had previously granted plaintiff leave to amend certain existing claims, not to add new claims such as his Government Code §815.6 claim. DiMatteo could move to add new claims, but he has not done so. Accordingly, the Court finds that DiMatteo's Government Code §815.6 was improperly added and should be dismissed. Should he wish to add new claims to this action, DiMatteo may bring an appropriate motion requesting leave to do so. However, the Court reiterates the observations it made in its August 4, 2025 order regarding the unlikely viability of plaintiff's Government Code §815.6 claim. Id. at 8-9.

Accordingly, County defendants' motion to dismiss plaintiff's Government Code §815.6 claim against the County and the Sheriff's Department is **GRANTED**.

C.   **Municipal Liability Monell Claim**

As to DiMatteo's third claim, municipal liability pursuant to § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978), County defendants argue that the TAC fails to state a Monell claim "against the County based on unconstitutional custom or policy due to lack of more specific pleading." Mot. at 11. County defendants argue that "[t]here are no facts pled of deliberate indifference which resulted in the economic injuries Plaintiff claims." Id. County defendants argue that "Deputy Kennedy's alleged acts or omissions [that could constitute First Amendment retaliation] are not stated." Id. at 10. Moreover, "[s]heriffs have no role in suspending or reinstating investigators such as Plaintiff to the [investigator] panel. … Notifying the judiciary of a pending investigation pertaining to jail security is not retaliation for exercise of speech." Id.

In opposition, plaintiff argues that its Monell claim is plausible because "pages of TAC allegations describe[e] how [the Sheriff's Department] ignored a judicial order, suppressed statutory duties, and ratified [Deputy] Kennedy's conduct." Opp. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

In reply, County defendants argue that plaintiff's Monell claim is deficient because plaintiff has failed to sufficiently allege an "underlying unconstitutional violation [against Deputy Kennedy] upon which to bootstrap County liability." Reply at 1-2.

The Court finds that DiMatteo has cured the deficiencies in his Monell claim that the Court identified in its order dismissing his SAC. As the Court explained previously, pursuant to Monell, a government entity may be held liable under § 1983 if a "policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). A policy or custom may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the municipality; (2) the decision of a municipal official who has final policymaking authority; or (3) when an official with final decision-making authority either delegates that authority to, or ratifies the decision of, a subordinate. Avalos v. Baca, 596 F.3d 583, 588 (9th Cir. 2010). In order to establish liability under Monell, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. Dougherty, 654 F.3d at 900. The failure of a municipality to train its officers may amount to a policy of deliberate indifference if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. Id. (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989)). Similarly, a failure to supervise that is "sufficiently inadequate" may amount to "deliberate indifference." Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989). Mere negligence in training or supervision, however, does not give rise to a Monell claim. Id.

Because the Court finds that DiMatteo sufficiently pleads a First Amendment retaliation claim against Deputy Kennedy, plaintiff may proceed to plead a Monell claim against the Sherriff's Department and the County based on that First Amendment claim. See Order on MTD SAC at 11. Plaintiff adequately pleads a Monell claim. Plaintiff's TAC alleges that:

> 32. [The] County and [the Sheriff's Department], through official policy, longstanding custom/practice, ratification by final policymakers, and failure to train/supervise, caused the First Amendment violations alleged herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-00925-CAS-JDEx | Date | November 3, 2025 |
|---|---|---|---|
| Title | Michael A. DiMatteo v. Hurdle Clay Jacke, II et al. | | |

33. These municipal policies/customs include: (a) restricting or banning investigative access to facilities/IVVS in retaliation for transparency complaints, (b) disseminating and refusing to correct false security-related allegations to the judiciary, and (c) resisting or refusing compliance with § 13650/SB 978's publication and access mandates.

34. Policymakers were on notice through Plaintiff's repeated complaints, the judge's order presented to staff, the Dec. 11, 2023, recorded admission, and exonerating lab results[;] yet [policymakers] ratified the retaliation and noncompliance by failing to correct them and by continuing the bans/restrictions.

35. The above policies/customs and failures were the moving force behind the injuries alleged.

TAC ¶¶ 32-35.

Taking these allegations as true, the Court finds that plaintiff adequately pleads that (1) the plaintiff possessed a First Amendment right of which he was deprived; (2) the municipality had a policy; (3) that this policy amounts to deliberate indifference—not merely negligence—with respect to the plaintiff's First Amendment right; and (4) that the policy is the moving force behind the constitutional violation. See <u>Dougherty</u>, 654 F.3d at 900

Accordingly, County defendants' motion to dismiss plaintiff's <u>Monell</u> claim against the County and the Sheriff's Department is **DENIED**.

## V.      CONCLUSION

In accordance with the foregoing, the Court **DENIES** County defendants' motion to dismiss the TAC with respect to plaintiff's First Amendment retaliation claim and his <u>Monell</u> claim. The Court **GRANTS** County defendants' motion to dismiss the TAC with respect to the Government Code §815.6 claim.

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |